

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2009

# USA v. Pablo Jimenez

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2092

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Pablo Jimenez" (2009). *2009 Decisions.* Paper 1479.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1479

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2092
_____

UNITED STATES OF AMERICA

v.

PABLO JIMENEZ,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:04-cr-355-4)

District Judge: Honorable A. Richard Caputo
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on March 10, 2009
_____

Before: FUENTES, CHAGARES and ALDISERT, Circuit Judges
(Filed April 27, 2009)

_____

OPINION OF THE COURT
_____

ALDISERT, Circuit Judge.

This appeal by Pablo Jimenez requires us to decide whether the sentence imposed

following his plea of guilty to a charge of conspiracy was unreasonable. Jimenez was

sentenced to 130 months, a non-Guideline sentence of 38 months below the applicable Guidelines minimum, on the charge of possessing with intent to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 846.

We hold that the sentence was reasonable and will affirm.[1]

I.

Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite the facts except as necessary to the discussion.

This Court has set forth a three-step sentencing procedure for a district court to follow post-Booker: (1) sentencing courts must first calculate the applicable Guideline sentence; (2) in so doing, "they must formally rule on the motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation," taking into account pre-Booker case law, which has advisory force; and (3) "they are required to exercise their discretion by considering the relevant § 3553(a) factors in setting the sentence they impose regardless whether it varies from the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We review criminal sentences for "reasonableness" under a deferential abuse of discretion standard. United States v. Booker, 543 U.S. 220, 258-265 (2005); United States v. Cooper, 437 F.3d 324, 329-332 (3d Cir. 2006); United States v. Jackson, 523 F.3d 234, 243 (3d Cir. 2008) (citing Gall v. United States, 128 S. Ct. 586, 597-598 (2007)). We decline to review a district court's discretionary decision to depart or not from the federal Guidelines. Cooper, 437 F.3d at 332-333. Objections not raised at the sentencing hearing are reviewed for plain error. United States v. Dragon, 471 F.3d 501, 505 (3d Cir. 2006).

sentence calculated under the Guidelines." United States v. Gunter, 462 F.3d 237, 247 (3d Cir. 2006).

Jimenez concentrates his argument on three aspects of his sentencing. First, we reject his contention that the District Court did not make clear the reasons for denying Jimenez's request for a downward departure in light of his deportability status. Jimenez argues that he could not understand whether the District Court's denial of a departure based on the ground that he is a deportable alien was a discretionary decision or whether it was based on the District Court's view that his deportability status was not a proper ground for departure from the Guidelines. However, the record shows that the decision denying the request was discretionary. In response to a query by Jimenez's counsel at sentencing, the District Court clarified twice that it was choosing not to grant the motion to depart, as opposed to categorically lacking the power to depart for such a reason, and it clearly reiterated this point again after an aborted aside that Jimenez contends shows confusion about the issue. App. at 10-11. The District Court also stated that it took Jimenez's deportability status into account under § 3553(a) when imposing a sentence of 130 months, which constituted a substantial variance from the Guidelines range of 168 to 210 months. Accordingly, we lack jurisdiction to consider the discretionary decision not to depart. Cooper, 437 F.3d at 332-333.

Jimenez next contends that the District Court failed to properly consider the "quantity-time factor" of his drug distribution activity as a nonfrivolous basis for departure. This argument also fails, for two reasons. First, Jimenez failed to raise this

issue properly before the District Court. His contention that the District Court failed to consider the drug quantity and the length of time over which the drugs were distributed first appeared in an untimely presentencing memorandum ("PSM") presented to the Court only a few hours before the sentencing hearing. The District Court did not make a record that it had ever seen the late-filed PSM and did not make a formal ruling on this issue. Moreover, the record shows no mention of this document, or any preservation of this issue, except for one passing reference made by defense counsel during the sentencing hearing to a "presentence memo," and this only after the Court indicated that it was imposing a 130-month sentence.

Second, on the merits we find no plain error in the District Court's failure to consider a quantity-time basis for departure. Jimenez cites United States v. Lara, 47 F.3d 60 (2d Cir. 1995) for support, but he gets no help there. Unlike the defendant in Lara, a "minor player" dealer of small amounts of drugs over a substantial period of time, Jimenez is a kilogram-level dealer who consistently dealt in amounts of methamphetamine sufficient to trigger the ten-year mandatory minimum under 21 U.S.C. § 841(b)(1)(A)(viii). These facts are vivid and not controverted. Further, the Lara court found that the quantity-time issue, at the time, was a mitigating factor that had not been adequately considered by the Sentencing Commission. The Commission subsequently addressed this issue and promulgated an amendment in 2001, U.S.S.G. App. C, Amendment No. 640 (2002). Its present form is U.S.S.G. § 2D.1(a)(3), and the Guideline is now structured to permit minor players in a distribution scheme to receive a two, three,

or four-level decrease depending on the amount of drugs involved in the offense, effectively superceding the justification for Lara-type quantity-time bases for departure. The situation here took place at least by 2005, with sentencing in April 2008. Thus, the Guidelines amendment of 2001 controls. We accordingly conclude that the District Court did not err.

Jimenez's third and final contention is that the District Court failed to give "meaningful consideration" under Cooper and 18 U.S.C. § 3553(a) to his argument that the Guidelines range based upon drug quantity lacked an empirical basis, and therefore the District Court could categorically depart from the Guidelines range for "policy reasons." This argument was first set forth in the untimely PSM described above. Jimenez offered no support in the PSM for the argument that the methamphetamine guidelines lacked empirical support. After the court announced that it intended to impose a 130-month sentence, Jimenez objected that the court failed to properly rule on his request for a variance from the Guidelines for an alleged lack of empirical support. The court listened to and noted the argument, but declined to modify the already-announced sentence. In any event, the District Court had imposed a sentence that already varied downward from the bottom of the Guidelines by more than three years, although above the mandatory minimum, and Jimenez presented no factual or legal argument to disturb the sentence he did receive. In doing so, the court did not abuse its discretion and did impose a reasonable sentence.

\*\*\*\*\*

5

We have considered all the contentions of the parties and conclude that no further discussion is necessary.

The judgment of the District Court dated April 3, 2008, will be affirmed.